**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cr-20079-TLP |
| v. | ) | |
| | ) | |
| DARIAN GLOVER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

# JURY INSTRUCTIONS

---

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt as to each count. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What the Court says about the law controls.

Perform these duties fairly and impartially. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases. You should not be influenced by stereotypes based on any person's age, race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**CONSIDERATION OF EVIDENCE**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**CREDIBILITY OF WITNESSES**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the

witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. The answer is no.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**LAWYERS' OBJECTIONS**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved that this defendant is guilty. Do not let the possible guilt of others influence your decision in any way.

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The defendant is charged in Counts One, Two, and Three with the crime of distributing a mixture and substance containing a detectable amount of fentanyl. Fentanyl is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> The defendant knowingly or intentionally distributed a mixture and substance containing a detectable amount of fentanyl; and
>
> That the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

> The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.
>
> To prove that the defendant "knowingly" distributed a mixture and substance containing a detectable amount of fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know the exact quantity of the controlled substance that he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count. If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on each of these counts. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**DETERMINING WHETHER DEATH RESULTED FROM THE DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The defendant is charged in Counts One, Two, and Three of the indictment with distributing a mixture and substance containing a detectable amount of fentanyl. If you find the defendant guilty of any of these charges, you will then be asked to determine whether each distributing offense resulted in death. You will be asked to answer a separate question.

For you to find defendant distributed a mixture and substance containing a detectable amount of fentanyl resulting in death, you must find that the government has proved the following element beyond a reasonable doubt:

> That M.P., L.P., or A.T. would not have died but for the use of that same mixture and substance containing a detectable amount of fentanyl distributed by the defendant.

Now I will give you more detailed instructions on some of these terms.

> But-for causation means that without using the controlled substance distributed by the defendant, M.P., L.P., or A.T. would not have died. The government need not prove that death was foreseeable to the defendant.
>
> If you answer this question for any count, your answer, whether it is yes or no, must be unanimous. If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the distribution resulted in death, then please indicate this finding by checking that line on the verdict form.

**ON OR ABOUT**

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" June 21, 2024. The government does not have to prove that the crimes happened on that exact date. But the government must prove that the crimes happened reasonably close to that date.

**INFERRING REQUIRED MENTAL STATE**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**USE OF THE WORD "AND" IN THE INDICTMENT**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

A defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify cannot be considered by you in any way. Furthermore, the fact that the defendant did not present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**OPINION TESTIMONY**

You have heard the testimony of Carter DePew, Dr. Ashly Cordero Rivera. Dr. Laura Labay, and Carla Rexing, who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

You have heard the testimony of Anthony Bankston. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

**IDENTIFICATION TESTIMONY**

You have heard the testimony of Anthony Bankston, who has identified the defendant as the person who distributed a mixture and substance containing a detectable amount of fentanyl resulting in the deaths of M.P., L.P., and A.T. You should carefully consider whether this identification was accurate and reliable.

In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time. For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

You should also consider the circumstances of the earlier identification that occurred outside of court. For example, consider how that earlier identification was conducted, and how much time passed after the alleged crime before the identification was made.

You may take into account any occasion in which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with his identification at trial.

Consider all these things carefully in determining whether the identification was accurate and reliable.

Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crimes charged.

**INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**VERDICT FORM**

We, the jury, on the charges in the indictment for our verdict say:

1. We find the defendant, DARIAN GLOVER, as to **COUNT 1**

__________ OR __________

**GUILTY** **NOT GUILTY**

**If you answered Guilty in response to Count 1, proceed to Question 1 below. If you answered Not Guilty in response to Count 1, skip Question 1 and proceed to the next count.**

**Question 1:** With respect to the charge in Count 1 of the indictment, did the defendant's distribution of the controlled substance result in M.P.'s death?

__________ OR __________

**YES** **NO**

2. We find the defendant, DARIAN GLOVER, as to **COUNT 2**

__________ OR __________

**GUILTY** **NOT GUILTY**

**If you answered Guilty in response to Count 2, proceed to Question 2 below. If you answered Not Guilty in response to Count 2, skip Question 2 and proceed to the next count.**

**Question 2:** With respect to the charge in Count 2 of the indictment, did the defendant's distribution of the controlled substance result in L.P.'s death?

__________ OR __________

**YES** **NO**

3. We find the defendant, DARIAN GLOVER, as to **COUNT 3**

__________ OR __________

**GUILTY** **NOT GUILTY**

**If you answered Guilty in response to Count 3, proceed to Question 3 below. If you answered Not Guilty in response to Count 3, skip Question 3 and proceed to the signature line.**

**Question 3:** With respect to the charge in Count 3 of the indictment, did the defendant's distribution of the controlled substance result in A.T.'s death?

__________ OR __________

**YES** **NO**

If you decide that the government has proved any of the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT**

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty of the counts in which he is charged. Do not let the possible guilt of others influence your decision in any way.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.